**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBERT E. RICE,

                          Plaintiff,

    v.                                               No. 04-CV-481
                                                        (NAM/DRH)
HARLEY DAVIDSON INC.; BUELL
MOTORCYCLE COMPANY, INC.; and BUELL
DISTRIBUTION COMPANY, LLC,

                          Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

CADE & SAUNDERS                      WILLIAM J. CADE, ESQ.
Attorney for Plaintiff                         ALAN M. BLUMENKOPF, ESQ.
4 Pine Street
Albany, New York 12207

HANLON, VELOCE & WILKINSON      CHRISTINE D'ADDIO HANLON, ESQ.
Attorney for Defendants
7 Executive Centre Drive
Albany, New York 12203

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

At a discovery conference on March 2, 2006, plaintiff Robert E. Rice ("Rice") requested an order compelling defendants to produce an electronic mail message from Gary Cravillion to Christine D. Hanlon, Esq., counsel for defendants, dated October 16, 2004 ("the e-mail"). Defendants objected to production on the ground that the e-mail was protected from production by the attorney-client privilege. The parties have now submitted letter-briefs addressing the issue. Docket Nos. 31-33. For the reasons which follow, defendants objection is overruled and Rice's request for an order compelling production of

the e-mail is granted.

## I. Background

Rice commenced this action against defendants seeking recovery of damages for injuries sustained during a motorcycle ride conducted as part of a motorcycle event in Lake George, New York on June 6, 2003. The event included a demonstration ride of motorcycles manufactured by defendants. The ride was sponsored by defendants, Rice operated one of the motorcycles, and Rice was seriously injured when the motorcycle he was riding left the road during the ride. Cravillion was hired by defendants to manage the demonstration ride, a position he had filled since 1996.

Following commencement of this action, Hanlon sent an electronic mail message to three individuals, including Cravillion, requesting answers to certain questions to assist her in preparing an affidavit in support of defendants' motion for summary judgment eventually filed on January 5, 2005. Docket No. 12, Ex. 3. The e-mail constituted Cravillion's response to that request. That motion was denied. Docket No. 17. Cravillion was then deposed by Rice on November 10, 2005. During his deposition, Cravillion stated that in preparation for his deposition, he had reviewed the e-mail. Rice now seeks production of the e-mail.

## II. Discussion

New York law governs the applicability of the attorney-client privilege. Fed. R. Evid. 501; DiBella v. Hopkins, 403 F.3d 102, 120 (2d Cir. 2005). A document is privileged from

2

compelled disclosure if the objecting party establishes that there was (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of obtaining or providing legal advice. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2d Cir.1996). Corporations as well as individuals are entitled to assert the privilege. See C.F.T.C. v. Weintraub, 471 U.S. 343, 348 (1985); Upjohn Co. v. United States, 449 U.S. 383, 386 (1981). Thus, the communications of employees of a corporation with the corporation's attorneys may be protected by the attorney-client privilege. See Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd., 232 F.R.D. 103, 113 (S.D.N.Y. 2003).

Rice first contends that Cravillion was not an employee of defendants and, therefore, his communications to Hanlon were not protected by the privilege. However, communications between a corporation's lawyer and its independent contractor may be protected if the contractor functioned as a de facto employee of the corporation. See In re Bieter Co., 16 F.3d 929, 936-37 (8th Cir.1994); Export-Import Bank of the U.S., 232 F.R.D. at 113; In re Copper Mkt. Antitrust Litigation, 200 F.R.D. 213, 218-19 (S.D.N.Y.2001); Ross v. UKI Ltd., No. 02 Civ. 9297, 2004 WL 67221, at *4 (S.D.N.Y. Jan. 15, 2004); Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc., No. 01 Civ. 3016, 2002 WL 31556383, at *2 (S.D.N.Y. Nov. 15, 2002).

> To determine whether a consultant should be considered the functional equivalent of an employee, courts look to whether the consultant had primary responsibility for a key corporate job, whether there was a continuous and close working relationship between the consultant and the company's principals on matters critical to the company's position in litigation, and whether the consultant is likely to possess information possessed by no one else at the company.

3

Export-Import Bank of the U.S., 232 F.R.D. at 113 (citations omitted).

      First, Cravillion described himself at his deposition as the "demo manager," a position that was "more than full time," for which he was paid a flat fee plus expenses and for which he never had a written contract since he first assumed the position in 1996. Pl. Letter-Brief (Docket No. 33) at 2 (unnumbered). This testimony suffices to satisfy defendants' burden of demonstrating that Cravillion was an employee. Second, even assuming that Cravillion was an independent contractor, it is clear from the record that he had primary responsibility for the demonstration ride, a key corporate job; that placed him in a continuous and close working relationship with defendants on matters critical to defendants' position in this case; and that Cravillion possesses information concerning the demonstration ride at issue possessed by no one else. Thus, in the alternative, Cravillion operated as the functional equivalent of an employee of defendants and may properly invoke the attorney-client privilege as to the e-mail. Because Cravillion's communications to defendants' lawyer are properly viewed as those of defendants' employee and because the contents of the e-mail clearly satisfy the requirements for the protection of the privilege, the e-mail is protected from disclosure by defendants' attorney-client privilege.

      Rice further contends, however, that by reviewing the e-mail in preparation for his deposition, Cravillion waived that privilege. It is clear from his deposition testimony that, without consulting defendants' lawyer, Cravillion in fact reviewed the e-mail in preparing for his deposition. See Pl. Letter-Brief at 3-4. Generally, documents reviewed by a witness in preparation for testifying at a deposition must be produced to the opposing party. See Fed. R. Evid. 612; Bowne of New York City, Inc. v. AmBase Corp., 150 F.R.D. 465, 494 (S.D.N.Y.1993). However, it is not sufficient to require production that a witness simply

4

reviewed a document; it must also be shown that the witness relied on the document during and in preparation for his or her testimony. See Suss v. MSX Int'l Eng'g Serv., Inc., 212 F.R.D. 159, 160 (S.D.N.Y. 2002). If a witness reviewed and relied upon a document otherwise protected by the attorney-client privilege, that privilege gives way and the document must be produced to the opposing party. See Bank Hapoalim, B.M v. American Home Assurance Co., No. 92 Civ. 3561 (KMW), 1994 WL 119575, at *5-8 (S.D.N.Y. Apr. 6, 1994) (affirming order to disclose otherwise privileged documents where documents were used by witness in preparation for testimony at a deposition).

>Here, Cravillion testified at his deposition as follows:
>
>Q:   Okay. And you used [the e-mail] in preparation for your testimony?
>
>A:   Yes.
>
>. . .
>
>Q.   And again, you were asked certain questions [in the e-mail] and you gave certain       answers to those questions?
>
>A.   Yes.
>
>Q:   And again, you reviewed those questions and your answers in preparation for today's deposition?
>
>A:   Yes.

Pl. Letter-Brief at 3-4. Although this testimony alone suffices to demonstrate that Cravillion both reviewed and relied upon the e-mail in preparing to testify, the content of the e-mail corroborates this conclusion as the contents contain spare but sufficient details to assist Cravillion in recalling events. See Bank Hapoalim, B.M v. American Home Assurance Co., 1994 WL 119575, at *7. Thus, Rice has demonstrated that Cravillion relied upon the e-mail in preparing for his deposition. Accordingly, the attorney-client privilege gives way to the

5

requirements of Rule 612 and defendants must produce the e-mail to Rice.

### III. Conclusion

For the reasons stated above, it is hereby

**ORDERED** that defendants' objection to production of the e-mail is **OVERRULED**, Rice's request for an order compelling production of the e-mail is **GRANTED**, and defendants shall serve Rice with a copy of the e-mail on or before **April 10, 2006**.

**IT IS SO ORDERED.**

DATED: March 30, 2006
       Albany, New York

_David R. Homer_
United States Magistrate Judge